UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 21-31507 |
| COMMONWEALTH BUSINESS CREDIT, LLC, | ) | Chapter 7 |
| | ) | Hon. John P. Gustafson |
| Debtor. | ) | |
| | ) | <u>MOTION OF WATERFORD BANK, N.A. FOR RELIEF FROM STAY AND ABANDONMENT</u> |
| | ) | |
| | ) | <u>ACCOUNTS AND ALL PERSONAL PROPERTY</u> |

WATERFORD BANK, N.A., (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under <u>Local Bankruptcy Rule 4001-1</u> for an order dissolving the automatic stay imposed by Bankruptcy Code §362 and for abandonment of property under Bankruptcy Code §554.

<u>MEMORANDUM IN SUPPORT</u>

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. In August, 2018, the Debtor obtained a loan from Movant in the amount of $2,500,000.00. Such loan was evidenced by a Revolving Term Note which was extended from time to time most recently by a Seventh Amended and Restated Revolving Term Note

dated May 31, 2021 (the "Note"), a copy of which is attached as Exhibit A. The principal amount of the Note was increased to $2,750,000.00 in a previous amendment.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor executed a Security Agreement in favor of Movant dated August 16, 2018. The Security Agreement granted a lien in favor of Movant on all of the personal property owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

   (X) attached as Exhibit B;

     OR

   G contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

   G Filing of the Security Agreement in the office of the County Recorder on <DATE>.

   (X) Filing of the UCC-1 Financing Statement in the office of <u>the Ohio Secretary of State</u> on August 16, 2018.

   G Notation of the lien on the Certificate of Title.

A copy of the filed financing statement is attached hereto as Exhibit C. Based on a UCC search in the State of Ohio Secretary of State's office, the lien is the first lien on the Collateral.

5. The entity in possession of the original Note (including amendments) as of the date of this Motion, is Movant.

6. The entity servicing the loan is: N/A.

7. The Notes were transferred, as evidenced by the following:

   a. If the Collateral is real estate:

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

　　G　　N/A.

　　　　OR

　　G　　By endorsement on the Note, payable to_____.

　　　　OR

　　G　　By blank endorsement on the Note.

　　　　OR

　　G　　By allonge attached to the Note, payable to_____.

　　　　OR

　　G　　By blank allonge, attached to the Note.

　　　　OR

　　G　The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

　　　　_____

　　　　_____

　　　　_____

　　　　OR

　　G　　By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <____>. Explain why it provides Movant the authority to endorse the Note:

　　　　_____

3

<ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

<iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

<iv. Other_____ [explain].>

b. If the Collateral is not real estate (check one):

    G    N/A.

    OR

    G    From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

    G    N/A.

    OR

    G    From the original lender, mortgagee, or mortgagee's nominee on <DATE> to <FIRST TRANSFEREE>. The transfer is evidenced by the document(s) attached to this Motion as Exhibit <____>.
[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

9. The value of the Collateral is no more than $842,227.00. This valuation is an

4

estimate because the amount of accounts receivable carried on the borrowing base certificates of Debtor have proven to be unreliable.

10. As of September 27, 2021, there is due and owing on the Note the outstanding principal balance of $2,749,907.85, plus interest of $16,557.08 accrued as of such date, plus interest of $324.64 per day from September 27, 2021 and late charges of $1,118.91, as described in more detail on the worksheet. The totals provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to claim an interest in the Collateral besides the Debtor, and the Movant, are (check all that apply):

    G    The County Treasurer, for real estate taxes, in the approximate amount of $_____.

    G    <CO-OWNERS, IF APPLICABLE, STATE NAME>.

    (X)    Cadence Group Platform, LLC

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    (X)    Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: Has failed to make payments on the Note. Debtor has falsified information on its Borrowing Base Certificates to Movant grossly overstating and misrepresenting the existence and amounts of accounts receivable owed to Debtor in its factoring business.

    G    Debtor has failed to keep the Collateral insured as required by the Mortgage Agreement.

- G     Debtor has failed to keep current the real estate taxes owed on the Collateral.

- G     Debtor has failed to pay the entire amount owed which has matured.

- G     Debtor has no equity in the Collateral, because the Collateral is valued at approximately $842,227.00, and including the Movant's lien, there are liens in an aggregate amount of $2,767,583.84 as of September 27, 2021 plus legal fees and expenses on the Collateral.

- G     Other cause (set forth with specificity):

14. Movant has completed the worksheet, attached as Exhibit D.

15. Movant is entitled to an order directing the Trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

- G     The Collateral is burdensome to the estate because

_____ .

The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court granting (a) Movant relief from the automatic stay of Bankruptcy Code §362 to permit Movant to proceed under applicable nonbankruptcy law and (b) authorizing and directing the Chapter 7 Trustee to abandon the Collateral under Bankruptcy Code §554.

Respectfully submitted,

/s/ Thomas W. Heintschel
Thomas W. Heintschel, Esq. (0008887)
Frederickson Heintschel & King Co., L.P.A.
405 Madison Avenue, Suite 1212
Toledo, Ohio 43604
(419) 242-5100
theintschel@fhk-law.com
Attorney for Movant

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 20, 2021, a true and correct copy of the foregoing Motion of Waterford Bank, N.A. for Relief from Stay was served via the Court's electronic case filing system on the parties listed on the Court's Electronic Mail Notice List.

/s/ Thomas W. Heintschel
Thomas W. Heintschel, Esq. (0008887)