IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| COMMONWEALTH BUSINESS CREDIT, LLC, | ) ) | Case No. 21–31507 |
| Debtor. | ) | Hon. John P. Gustafson |
| | ) | |

**OBJECTION TO MOTION FOR RELIEF FROM STAY
AND ABANDONMENT FILED BY WATERFORD BANK, N.A.**

Series 10 of Cadence Group Platform, LLC ("Cadence"), by and through its undersigned counsel, respectfully submits this Objection to the Motion of Waterford Bank, N.A. ("Waterford") for Relief from Stay and Abandonment [Docket No. 33] (the "Motion"). In support of this objection, Cadence respectfully states as follows:

**Background**

1. On August 23, 2021, an involuntary petition was filed against Commonwealth Business Credit, LLC (the "Debtor").

2. On September 20, 2021, an order for relief was entered by the Court.

3. On October 20, 2021, Waterford moved for relief from the automatic stay of section 362 of the Bankruptcy Code to proceed under non-bankruptcy law and for the Trustee's abandonment of alleged collateral valued at approximately $842,227.00. In the Motion, Waterford alleges it has valid, properly perfected security interest in all of the Debtor's property. Waterford alleges its liens secured a claim in the aggregate amount of $2,767,483.84 as of September 27, 2021 plus accruing interest and legal fees.

4. The Motion alleges the Debtor engaged in fraudulent or other misconduct in connection with its financial reporting to Waterford.

**Objection**

5. Relief from automatic stay is warranted only under certain specific circumstances prescribed by the Bankruptcy Code.

6. The party seeking relief has the initial burden to show (1) the amount of debt owed to the movant by the debtor, (2) a perfected security interest in the property of the estate, and (3) the right to relief under either section 362(d)(1) or (d)(2). *In re Planned Sys., Inc.*, 78 B.R. 852, 860 (Bankr. S.D. Ohio 1987); *see also In re Harrington*, 282 B.R. 637, 639 (Bankr. S.D. Ohio 2002). Moreover, a secured creditor seeking relief from stay to realize lien rights must prove the validity of its security interest in the property at issue. *Grant, Konvalinka & Harrison P.C. v. Still*, 737 F.3d 1034, 1039–40 (6th Cir. 2013).

7. The purpose of the automatic stay rule is to "prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts" and to insure "the debtor's affairs will be centralized . . . to prevent conflicting judgments from different courts and . . . to harmonize all of the creditors' interests with one another." *Fid. Mortg. Invs. v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir. 1976).

8. The order for relief was entered on September 20, 2021, and the Trustee only recently has been appointed. Granting relief from stay at this stage of the bankruptcy proceedings would frustrate the purpose of the automatic stay, the Trustee's investigation, and the administration of the estate. *See In re Rollingwood Apartments, Ltd.*, 133 B.R. 906, 913 (Bankr. S.D. Ohio 1991) (holding relief from stay was unwarranted because of the "newness of this case").

9. The Debtor's schedules show approximately $5.5 million in accounts receivable. Waterford has made no effort to combat that fact. In fact, given its allegation of misconduct and potential misrepresentations by the Debtor and its principals, neither Waterford nor any other creditor can assess whether Waterford's claim would be fully secured, undersecured, or otherwise. Waterford has not carried its burden.

10. Moreover, the Trustee should get as much time as she needs to investigate the existence and amounts of the Debtor's assets, the validity, priority, and extent of Waterford's liens, and whether Waterford has a valid claim.

## Conclusion

The Motion must be denied to allow the Trustee time to investigate the Debtor's assets and Waterford's liens and claims, as well as to administer the estate.

WHEREFORE, Cadence respectfully requests the Court deny the Motion for relief from automatic stay and abandonment.

Dated: November 4, 2021  Respectfully submitted,

/s/ *Patricia B. Fugée*
Patricia B. Fugée (0070698)
FisherBroyles, LLP
27100 Oakmead Drive, Box 306
Perrysburg, OH 43551
Phone: (419) 874-6859
Fax: (419) 550-1515
Email: patricia.fugee@fisherbroyles.com
*Counsel to the Series 10 of Cadence Platform Group, LLC*

## *Certificate of Service*

      I hereby certify that on November 4, 2021, a copy of this objection to Waterford Bank's Motion for Relief from Stay and Abandonment was sent to the list of creditors and interested parties below, via the Court's ECF system:

Scot A. Hinshaw, hinshaw@nkh.law, counsel for Debtor

Brian Kalas, kalas@nkh.law, counsel for Debtor

Thomas W. Heintschel, theintschel@fhk-law.com , counsel for Waterford Bank

Eric R. Neuman, eric@drlawllc.com, kim@drllc.com, r50765@notify.bestcase.com; adam@drlawllc.com, leanne@drlawllc.com, counsel for the Trustee

Ericka S. Parker, esparker@sbcglobal.net, ob04@ecfcbis.com, chapter 7 Trustee

United States Trustee's office (Registered address)@usdoj.gov

                                                  /s/ *Patricia B. Fugée*
                                                  Patricia B. Fugée (0070698)