IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Commonwealth Business Credit, LLC, | ) | CASE NO. 21-31507 |
| Debtor. | ) | Chapter 7 |
| | ) | Hon. John P. Gustafson |
| | ) | |

\* \* \* \* \*

WATERFORD BANK N.A.'S REPLY TO THE OBJECTION
OF SERIES 10 OF CADENCE GROUP PLATFORM, LLC
TO MOTION FOR RELIEF FROM STAY AND ABANDONMENT FILED BY WATERFORD
BANK, N.A.

Waterford Bank, N.A., a secured creditor herein, filed its Motion for Relief from Stay

and Abandonment (Docket No. 33) (the "Motion"). Series 10 of Cadence Group Platform, LLC

("Cadence") filed an Objection to the Motion (Docket No. 42). The Objection of Cadence is

similar to the one filed by the Trustee.  This reply is being filed in further support of the

Motion.

Attached to this Response is an Affidavit of Craig Jones ("Affidavit"), the Senior Vice

President assigned to the Commonwealth Business Credit, LLC ("Debtor") loan relationship.

The Affidavit and other documents filed by Waterford in support of the Motion establish the

amount of the debt owed to Waterford by the Debtor, the security interest in all business assets

of the Debtor and that the Security Interest was perfected by a Uniform Commercial Code

Financing Statement filed with the Ohio Secretary of State. Both the Cadence and Trustee Objections point to the fact that the Debtor's schedule show approximately $5,500,000.00 in Accounts Receivable. However, as the Debtor indicates in its Schedules, approximately $4,700,000.00 is uncollectable. This is indeed, and most unfortunately, true. There is no equity in the collateral. Waterford has met its burden under Section 362(g) of the Bankruptcy Code.

As pointed out in Waterford's Limited Objection to the Motion for Turnover filed by the Trustee, five of the Obligors listed in the Schedule of Assets are related companies to the Debtor that appear to be insolvent and uncollectable. Obligor numbers 7 and 8 have been confirmed by the Ohio Division of Securities to likely be uncollectable as well since that company apparently has no business operations. Waterford believes the same based upon its own investigation.

Waterford should be entitled to continue to collect the amounts owed by Sterling Commercial Credit, LLC ("Sterling") which makes periodic payments owed under its Note. Waterford can provide a monthly accounting of the amounts collected from Sterling (and from anyone else) as suggested in Waterford's Limited Objection to the Motion for Turnover. In the meantime, the Trustee can investigate and confirm the fact that the other accounts are uncollectable. In the unlikely event that the other accounts turn out to be collectable, Waterford would be delighted to participate in the collection of the accounts and receive the same.

This is not a situation where the "newness" of the case dictates against granting the automatic stay as argued by Cadence. Certainly, where a debtor is an operating entity such as a manufacturer or other entity that owns real estate, equipment, machinery or the like where there is continued operation of a business at stake, caution towards early relief from stay is

2

appropriate. Here, the Debtor is defunct, is not operating and has only the Sterling note which seems to be collectable.

Waterford has been defrauded. The accounts which were on the borrowing base certificate on which Waterford relied simply do not exist. Waterford is suffering enough loss on this credit. The Court should permit it to mitigate its loss to some extent by allowing it to continue to collect accounts and/or notes receivable subject to monthly accountings to the Trustee.

Dated: November 10, 2021        Respectfully submitted,

/s/ Thomas W. Heintschel
Thomas W. Heintschel (0008887)
Frederickson, Heintschel & King Co., L.P.A.
405 Madison Avenue, Suite 1212
Toledo, Ohio 43604
Phone: (419) 242-5100  -  Fax: (419) 242-5556
Email:  theintschel@fhk-law.com
Attorney for Waterford Bank, N.A.

## CERTIFICATE OF SERVICE

I, Thomas W. Heintschel, do hereby certify that a copy of Waterford Bank N.A.'S Reply to the Objection of Series 10 of Cadence Group Platform, LLC to Motion for Relief from Stay and Abandonment Filed by Waterford Bank, N.A. was sent this 10th day of November, 2021, to the list of creditors and/or interested parties listed below.

/s/ Thomas W. Heintschel
Thomas W. Heintschel (0008887)


**Response will be electronically mailed to:**

| | |
|---|---|
| Patricia B. Fugee | partricia.fugee@fisherbroyles.com,cpbfl 1@trustesolutions.net |
| Scot A. Hinshaw | hinshaw@nwklaw.com |
| Brian C. Kalas | kalas@nwklaw.com |
| Eric R. Neuman | eric@drlawllc.com,kim@drlawllc.com;r50765@notify, bestcase.com;Adam@drlawllc.com;raymond@drlawllc.com; leanne@drlawllc.com |
| Ericka S. Parker, Trustee | esparker@bcglobal.net, oh04@ecfcbis.com |
| United States Trustee | (Registered address)@usdoj.gov |

/s/ Thomas W. Heintschel
Thomas W. Heintschel (0008887)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Commonwealth Business Credit, LLC, | ) | CASE NO. 21-31507 |
| Debtor. | ) | Chapter 7 |
| | ) | Hon. John P. Gustafson |
| | ) | |

\* \* \* \* \*

## AFFIDAVIT OF CRAIG JONES

The undersigned, being first duly sworn, deposes and says as follows:

1.     I am over the age of eighteen years, am competent and have personal knowledge of the matters set forth in this Affidavit.

2.     I am a Senior Vice President for Waterford Bank, N.A. ("Bank") responsible for the credit involving Commonwealth Business Credit, LLC ("Commonwealth").

3.     I am personally familiar with the Loan Documents by which the Bank loaned money to Commonwealth.

4.     The Seventh Amended and Restated Revolving Term Note ("Note") which is attached to the Motion for Relief from Stay and Abandonment filed by the Bank, is a true and correct copy of the Note.

5.   The Note is secured by a Security Agreement ("Security Agreement") which includes as collateral all business assets and other personal property owned by Commonwealth including, but not limited to, accounts and promissory notes receivable. A true and correct copy of the Security Agreement is attached as Exhibit "B" to the Motion for Relief from Stay and Abandonment.

6.   The security interest created by the Security Agreement was perfected by the filing of a Uniform Commercial Code Financing Statement with the Ohio Secretary of State. A true and correct copy of the UCC Financing Statement is attached to the Motion for Relief from Stay and Abandonment as Exhibit "C".

7.   The Worksheet filed with the Motion for Relief from Stay and Abandonment, as Exhibit "D" accurately sets forth the balance due on the Note which was $2,767,583.84 as of September 27, 2021.

FURTHER AFFIANT SAYETH NOT.

Craig Jones

Sworn to and subscribed before me this ___8___ day of November, 2021.

AMY HAYDEN-WILSON
Notary Public, State of Ohio
My Commission Expires
November 4, 2023

Notary Public

2