B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Ericka Parker, Chapter 7 Trustee | **DEFENDANTS** <br> Nemsys, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Eric R. Neuman, Diller & Rice LLC <br> 1107 Adams St., Toledo, OH 43604 | **ATTORNEYS** (If Known) <br> Jason Levine <br> 5800 Monroe Street, Bldg D, Suite 3 <br> Sylvania, OH 43560 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action for the turnover property by the Debtor. The statutory predicates for the relief is 11 U.S.C. § 542(e).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought** Any other relief this Court deems equitable and just. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Commonwealth Business Credit, LLC | BANKRUPTCY CASE NO.<br>21-31507 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Ohio | DIVISION OFFICE<br>Western || NAME OF JUDGE<br>John P. Gustafson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>February 7, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Eric R. Neuman, Attorney for Plaintiff Ericka Parker, Chapter 7 Trustee |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In Re: Commonwealth Business Credit, LLC | Adversary Case No. |
| Debtor. | Bankruptcy Case No. 21-31507 |
| Ericka Parker, Trustee<br>PO Box 262<br>Curtice, OH 43412 | Judge John P. Gustafson<br><br>**COMPLAINT FOR TURNOVER** |
| Plaintiff, | |
| vs. | |
| Nemsys, LLC<br>122 St. Clair St.<br>Toledo, Ohio 43604 | |
| Defendant. | |

Notice also to:

Todd J. Kuhn
Statutory Agent for Nemsys LLC
One Seagate
Suite 1645
Toledo, Ohio 43604

Jason Levine
5800 Monroe Street
Building D, Suite 3
Sylvania, OH 43560

Now comes the Plaintiff, by and through counsel, and for her causes of action states and avers as follows:

1. The Plaintiff, Ericka Parker, ("Plaintiff") is the duly qualified and acting Trustee in this case.
2. That this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. That this court is the proper venue as provided in 28 U.S.C. § 1409, pursuant to a general order entered whereby all cases and all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the bankruptcy judges for this District pursuant to the provisions of 28 U.S.C. § 157(a). The within cause of action is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E).
4. That the Plaintiff, pursuant to Bankruptcy Rule 7008, consents to the entry of final orders and judgments by the Court.
5. That on August 23, 2021, an involuntary petition was commenced against the Debtor, Commonwealth Business Credit, LLC. ("Debtor").
6. On September 20, 2021, an order for relief was entered by the Court. (Doc. No. 8).
7. That the Debtor is an Ohio limited liability company formed in 2016.
8. That prior to the commencement of the case, the Debtor was engaged in the business of factoring accounts.
9. Upon information and belief, the Debtor is owned by Richard Scheich ("Scheich") and James DelVerne, ("DelVerne"), each of whom hold a 50% in the Debtor. (collectively "Owners").
10. Upon information and belief, Scheich and DelVerne, whether both of them or one of them, also hold an interest in other related companies, including but not necessarily limited to the following:

    TRF Fund I, LLC
    TFR Fund II, LLC
    Thunderroad Road, LP
    King's Pointe Capital Group, LLC
    King's Point Capital, LLC
    King's Point Leasing, LLC
    Briarfield Captial, LLC
    Winding Creek Holdings, LLC
    Northwest Capital, LLC
    Northwest Capital of Michigan, LLC
    Northwest Capital Investors, LLC
    Tidewater Capital, LLC

("Related Entities").

11. Upon information and belief, the Defendant, Nemsys, LLC ("Defendant") provided services to the Debtor and one or more of the Owners and Related Entities.

12. Upon information and belief, the services provided by the Defendant involved electronically storing and preserving financial information of the Debtor and one or more the Owners and Related Entities.

13. That the Plaintiff believes that she may have claims against the Owners and one or more of the Related Entities.

14. That in order for the Plaintiff to evaluate such claims, the Plaintiff needs access to the electronic records stored by Defendant with respect to the Debtor, the Owners and the Related Entities.

## FIRST CLAIM FOR RELIEF
## TURNOVER PUSRUANT TO § 542(a)

15. The Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

16. That 11 U.S.C. § 542(a) provides:

    Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

17. That the electronically stored and preserved information held by the Defendant for the Debtor, the Owner and the Related Entities is property of the Debtor's estate pursuant to 11 U.S.C. § 541.

18. That the Plaintiff does not have access to the electronically stored information held by the Defendant on behalf of the Debtor, the Owners and the Related Entities.

19. That the Defendant presently has possession of the Debtor's electronically stored information.

20. That the Defendant presently has custody of the Debtor's electronically stored information.

21. That the Defendant presently has possession of the electronically stored information of the Owners and the Related Entities.
22. That the Defendant presently has custody of the electronically stored information of the Owners and the Related Entities.
23. That the Plaintiff may use the electronically stored information held and controlled by the Defendant on behalf of the Debtor, the Owners and the Related Entities.
24. That the information electronically stored by the Defendant for the Debtor, the Owners and the Related Entities is not of an inconsequential value or benefit to the estate.
   **WHEREFORE**, pursuant to 11 U.S.C. § 542(a), the Plaintiff ask that the Court enter an order and judgment requiring that the Defendant turnover to the Plaintiff, in a readily accessible format, all the electronic information it holds on behalf of the Debtor, the Owners and the Related Entities, and that the Court enter any other relief in favor of the Plaintiff it deems just and equitable.

## SECOND CLAIM FOR RELIEF
## TURNOVER PURSUANT TO 11 U.S.C. § 542(e)

25. The Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.
26. That 11 U.S.C. § 542(e) provides:

    Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

27. That the Defendant is a person within the meaning of § 542(e) of someone who holds recorded information.
28. That the electronically stored information held by the Defendant on behalf of the Debtor, the Owners and the Related Entities constitutes recorded information for purposes of § 542(e).
29. That the electronically stored information held by the Defendant on behalf of the Debtor, the Owners and the Related Entities relates to the Debtor's property and financial affair for purposes of § 542(e).

**WHEREFORE**, pursuant to 11 U.S.C. § 542(e), the Plaintiff ask that the Court enter an order and judgment requiring that the Defendant turnover to the Plaintiff, in a readily accessible format, all the electronic information it holds on behalf of the Debtor, the Owners and the Related Entities and that the Court enter any other relief in favor of the Plaintiff it deems just and equitable.

        Respectfully submitted,

*/s/Eric R. Neuman*
Eric R. Neuman
Diller & Rice, LPA
1105-1107 Adams Street
Toledo, OH 43604
Phone: 419-724-9047
Fax: 419-244-8535
Email: eric@drlawllc.com
Attorney for Plaintiff